IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAVAR HOUSTON | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv116 |
| WARDEN ALFORD | § | |

## MEMORANDUM OPINION

Plaintiff Javar Houston, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

## Procedural Background

On February 12, 2009, the court entered an order directing plaintiff to either pay the filing fee or submit a properly certified application to proceed *in forma pauperis*. Plaintiff was given 20 days to comply with the court's order. Plaintiff acknowledged receipt of the court's order on February 18, 2009. However, plaintiff has not paid the filing fee, submitted a properly certified application to proceed *in forma pauperis* or otherwise contacted the court.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157

F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

By failing to comply with the order described above, plaintiff has failed to diligently prosecute this case. As a result, this case will be dismissed for want of prosecution.

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If plaintiff wishes to have this case reinstated on the court's active docket, he may do so by submitting the required filing fee or a properly certified application to proceed *in forma pauperis* within 30 days of the date set forth below.

**SIGNED** this the 16 day of **March, 2009.**

_____
Thad Heartfield
United States District Judge